# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ROBERT UPTON,
        Plaintiff,

v.                                                                                                     CV No. 19-482 CG

ANDREW SAUL,
Commissioner of the Social
Security Administration,
        Defendant.

## ORDER GRANTING MOTION TO AMEND OPENING BRIEF

**THIS MATTER** is before the Court on Plaintiff Robert Upton's *Motion for Leave to Amend Motion to Reverse and/or Remand* (the "Motion"), (Doc. 26), filed January 31, 2020; Defendant Commissioner's *Opposition to Plaintiff's Motion to Amend his Opening Brief* (the "Response"), (Doc. 30), filed February 13, 2020; and Mr. Upton's *Reply in Support of Motion for Leave to File Amended Motion to Reverse and/or Remand* (the "Reply"), (Doc. 33), filed February 19, 2020. Having reviewed the parties' filings and the relevant law, the Court finds the Motion is well-taken and shall be **GRANTED**.

In his Motion, Mr. Upton requests leave to amend his *Motion to Reverse and Remand*, (Doc. 19), to contest the Administrative Law Judge's ("ALJ's") compliance with the Appointments Clause of the United States Constitution. (Doc. 26-2 at 25). In response, the Commissioner contends Mr. Upton's Motion is both procedurally erroneous and substantively meritless. (Doc. 30 at 1-3). As a result, the Commissioner opposes Mr. Upton's request for leave to amend. *Id.* at 3.

When tasked with a motion to amend an opening brief, the court must consider whether the interests of justice will be served by allowing the litigant an opportunity to amend his arguments. *Friedlander v. Los Alamos National Bank*, 2007 WL 9724600, at *2 (D.N.M. Sept. 21, 2007) (unpublished) (considering whether the "interests of justice

will be served" by allowing the plaintiff to amend his opening brief on the merits). This includes, for example, ensuring the opposing party is given a full and fair opportunity to respond to the amended motion, and evaluating whether the case will be substantially delayed if the movant is permitted to amend his briefing. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (explaining the court will not consider issues that only one party had the opportunity to argue for "obvious" reasons).

Here, Mr. Upton seeks to amend his opening brief to include an argument regarding the constitutionality of the ALJ's appointment at the administrative level. (Doc. 26-2 at 25). Given the inherent constitutional implications of deciding this question, and the split among district courts on how to interpret the contours of the Appointments Clause, the interests of justice will be served by allowing both parties to fully brief this argument for review. *See Rabache v. Berryhill*, 18cv847 LF, Doc. 28 at 7 (collecting cases) ("There is a split among the district courts in the Tenth Circuit on the question of whether a claimant has waived his or her Appointments Clause claim if it is not raised during the administrative process.").

In addition, Defendant Commissioner has not yet filed a response to Mr. Upton's briefing. As a result, the Court finds no substantial delay will result from allowing Mr. Upton to amend his opening brief. Indeed, by giving Defendant Commissioner an opportunity to fully respond to Mr. Upton's arguments, the Court finds he will not be prejudiced by this ruling. *See contra Ombe v. New Mexico*, 755 Fed. Appx. 754, 760, n. 5 (10th Cir. Nov. 8, 2018) (unpublished) (explaining the court would not consider issues raised in the appellant's supplemental filings that were not included in his opening brief "because the appellees had no opportunity to respond to them."). For these reasons, Mr. Upton's Motion shall be **GRANTED**.

**IT IS THEREFORE ORDERED** that Mr. Upton file his Amended Motion to Reverse and Remand on the docket as a separate pleading no later than **February 28, 2020**. After Mr. Upton files his Amended Motion, Defendant Commissioner has **fourteen days** to respond.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE