**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROBERT UPTON,
          Plaintiff,

v.                                                   CV No. 19-482 CG

ANDREW SAUL,
Commissioner of the Social
Security Administration,
          Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

      **THIS MATTER** is before the Court on Plaintiff Robert Upton's *Amended Motion to Reverse and/or Remand* (the "Motion"), (Doc. 36), filed February 26, 2020; Defendant Commissioner Andrew Saul's *Brief in Response to Plaintiff's Amended Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 37), filed March 6, 2020; and Mr. Upton's *Reply in Support of Motion to Reverse and/or Remand* (the "Reply"), (Doc. 38), filed March 20, 2020.

      Mr. Upton filed applications for disability insurance benefits and supplemental security income benefits on February 13, 2015. (Administrative Record "AR" 24, 89, 105). In his applications, Mr. Upton alleged disability beginning July 20, 2011. (AR 174, 181). Mr. Upton claimed he was limited in his ability to work due to a broken femur, back problems, and alcohol abuse. (AR 218). Mr. Upton's applications were denied on December 1, 2015. (AR 24, 268, 97).

      At Mr. Upton's request, a hearing was held on May 25, 2017, before Administrative Law Judge ("ALJ") Evelyn Maiben. (AR 40, 49). Mr. Upton and Susan Brooks, an impartial vocational expert ("VE"), testified at the hearing. (AR 49). Mr. Upton

1

was represented by his attorney Shirley Booth. (AR 49). On November 29, 2017, the

ALJ issued her decision, finding Mr. Upton not disabled at any time between his alleged

onset date, July 20, 2011, through the date of her decision. (AR 39). Mr. Upton

requested review by the Appeals Council, which was denied, making the ALJ's decision

the Commissioner's final decision for purposes of this appeal. (AR 8-9, 172).

In his Motion, Mr. Upton, now represented by attorney Benjamin Decker, argues

the ALJ made the following errors: (1) the ALJ failed to properly assess the opinion of

Mr. Upton's treating physician Nadine Aldahhan, D.O.; (2) the ALJ failed to correctly

evaluate the materiality of Mr. Upton's alcohol abuse and explain why his Residual

Functional Capacity ("RFC") would improve with alcohol abstinence; and (3) at the time

of her decision, the ALJ was not properly appointed pursuant to the Appointment's

Clause of the U.S. Constitution. (Doc. 36 at 22-25)

The Court has reviewed the Motion, the Response, the Reply, and the relevant

law. Additionally, the Court has meticulously reviewed the administrative record.

Because the ALJ failed to properly analyze Dr. Aldahhan's opinion, the Court finds Mr.

Upton's Motion shall be **GRANTED** and this case shall be **REMANDED** to the

Commissioner for further proceedings consistent with this opinion.

I.      **Standard of Review**

The standard of review in a Social Security appeal is whether the

Commissioner's final decision is supported by substantial evidence and whether the

correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir.

2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98

(10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the

correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir.

2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.    Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012).

At the first four steps of the SEP, the claimant bears the burden of showing: (1) he is not engaged in "substantial gainful activity;" (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) meet or equal one of the "listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i-iv); *see also Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in his past relevant work, the ALJ will proceed to step five of the evaluation. At step five, the Commissioner bears the burden of showing that the claimant can perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

In cases where an ALJ finds a claimant disabled and there is evidence of drug

addiction and alcoholism ("DAA"), the ALJ must determine whether the claimant's DAA is a "contributing factor material" to the determination of disability. 20 C.F.R. §§ 404.1535(a), 416.935(a). In making this determination, the "key factor ... is whether [the ALJ] would still find [the claimant] disabled if [the claimant] stopped using drugs or alcohol." 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1); *see also* Social Security Ruling ("SSR") 13-02p, 2013 WL 621536.

To accomplish this, the ALJ must consider which of the claimant's physical and/or mental limitations would remain if the clamant stopped using drugs or alcohol and whether the remaining limitations would be disabling. 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). If the claimant's remaining limitations would allow him to work, then the claimant's drug or alcohol abuse would be a "contributing factor material" to the determination of disability. 20 C.F.R. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i); *see also* SSR 13-02p. However, if the remaining limitations are disabling, then the ALJ must find the claimant is disabled. 20 C.F.R. §§ 404.1535(b)(2)(ii), 416.935(b)(2)(ii). To effectuate this process, the ALJ is required to make alternate findings at steps three, four, and five that reflect the claimant's functioning without drug or alcohol use. *See* SSR 13-02p.

### III.   Background

In his disability applications, Mr. Upton claimed he was limited in his ability to work due to a broken femur, back problems, and alcohol abuse. (AR 218). At step one, the ALJ determined Mr. Upton had not engaged in substantial gainful activity since July 10, 2011, the alleged disability onset date. (AR 27). At step two, the ALJ found Mr. Upton had the following severe impairments: degenerative disc disease of the lumbar spine, left shoulder tendinitis, peripheral neuropathy, obesity, major depressive disorder,

and alcohol abuse. (AR 27). At step three, the ALJ determined that none of his impairments, solely or in combination, met or equaled one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 416.920(d). (AR 28-29).

At step four, the ALJ found that when considering all of Mr. Upton's severe impairments, including his substance abuse disorder, he had the residual functional capacity to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following non-exertional limitations:

> he could never climb ladders, ropes or scaffolds, but could frequently climb ramps and stair, balance, stoop, kneel, crouch, and crawl; he could frequently reach overhead with the left upper extremity; he must avoid concentrated exposure to unprotected heights and dangerous moving machinery, including vehicles; he could understand, remember, and carry out detailed, but not complex tasks and instructions; he could make decisions and maintain attention and concentration for two-hour segments; he could respond appropriately to changes in a routine setting; due to a combination of medical conditions, associated pain, and mental impairments, he would be off task 20 percent of the workday.

(AR 29-30).

As for the opinion evidence, the ALJ gave partial weight to the opinion of the physical consultative examiner Timothy Moser, M.D., and great weight to the opinion of the psychological consultative examiner Mac Bradley, Ph.D. (AR 36-37). In addition, the ALJ stated that she gave "partial weight" to the opinion of the state agency consultant. (AR 31). Finally, the ALJ afforded "little weight" to Dr. Aldahhan's opinion. (AR 32). After analyzing the opinion evidence, the ALJ found Mr. Upton was unable to perform any of his past relevant work and proceeded to step five. (AR 32-33). At step five, after considering the VE's testimony, the ALJ determined that Mr. Upton was disabled.

Having found Mr. Upton disabled when considering his alcohol abuse, the ALJ

next reconsidered steps three, four and five when Mr. Upton abstained from alcohol. (AR 34). In her alternative step three finding, the ALJ determined that none of Mr. Upton's impairments, solely or in combination, met or equaled one of the listed impairments in 20 C.F.R. §§ 404.1520(d) and 416.920(d). (AR 34-35). In her alternative step four finding, the ALJ determined that if Mr. Upton stopped his alcohol abuse, his RFC would remain the same, except he would no longer be off task 20 percent of the workday. (AR 36). Next, the ALJ found Mr. Upton was still unable to perform any of his past relevant work absent his alcohol abuse and proceeded to step five. (AR 39).

To determine the extent Mr. Upton's non-exertional limitations would erode the light occupational base, the ALJ relied on the VE's testimony. (AR 39). The ALJ noted the VE testified that an individual with Mr. Upton's same age, education, work experience, and RFC could perform the jobs of a counter attendant, cashier II, and ticket seller. (AR 39). After finding the VE's testimony consistent with the Dictionary of Occupational Titles, the ALJ adopted the VE's testimony and concluded if Mr. Upton abstained from alcohol abuse, he was capable of performing work existing in significant numbers in the national economy. (AR 39).

In summation, the ALJ found Mr. Upton's alcohol abuse was a contributing factor material to the determination of disability because Mr. Upton would not be disabled but for his alcohol abuse. (AR 39). As a result, the ALJ determined Mr. Upton had not been disabled at any time from the alleged onset date through the date of the decision. (AR 39). Mr. Upton sought review from the Appeals Council, which was denied. (AR 8-10). Mr. Upton's petition to this Court followed. (Doc. 1).

IV.     Analysis

Mr. Upton presents three arguments in his Motion before the Court. First, Mr. Upton contends the ALJ failed to properly consider Dr. Aldahhan's opinion. (Doc. 36 at 22-23). Second, Mr. Upton claims the ALJ incorrectly evaluated the materiality of his alcohol abuse and failed to explain why his RFC would improve with alcohol abstinence. *Id.* at 23-24. Third, Mr. Upton alleges that at the time of the ALJ's decision she was not properly appointed pursuant to the Appointment's Clause of the U.S. Constitution. *Id.* at 25.

In response, the Commissioner argues the ALJ reasonably assigned little weight to Dr. Aldahhan's opinion with good reasons supporting her analysis. (Doc. 37 at 6). Next, the Commissioner contends the ALJ reasonably found Mr. Upton's alcohol abuse was a contributing factor material to the determination of disability. *Id.* at 8. Finally, the Commissioner asks the Court to reject Mr. Upton's Appointment's Clause claim because it was not raised at the administrative level. *Id.* at 11.

A. The ALJ's Analysis of Dr. Aldahhan's Opinion

In his first argument for remand, Mr. Upton challenges the ALJ's analysis of Dr. Aldahhan's opinion. (Doc. 36 at 22-23). Specifically, Mr. Upton asserts the ALJ failed to properly consider the required regulatory factors. *Id.* Additionally, Mr. Upton disputes the ALJ's stated rationales for affording little weight to Dr. Aldahhan's opinion. *Id.* Mr. Upton, in particular, protests the ALJ's explanation that the disability standards contained in Dr. Aldahhan's opinion differed from the Social Security Administration's disability standards. *Id.* at 23.

In response, the Commissioner contends the ALJ reasonably assigned little

weight to Dr. Aldahhan's opinion with good reasons supporting her analysis. (Doc. 37 at 6-8). The Commissioner asserts Dr. Aldahhan was not a treating source, and therefore, her opinion was ineligible for controlling weight. *Id.* at 6. Additionally, the Commissioner argues the ALJ correctly gave little weight to Dr. Aldahhan's opinion that Mr. Upton was "unable to work," because it is an issue reserved to the Commissioner. *Id.* at 6. Next, the Commissioner maintains the ALJ correctly highlighted that the opinion was completed at the request of another agency, and therefore, had differing standards for disability. *Id.* at 7. Finally, the Commissioner insists the ALJ soundly defended her assignment of little weight by noting Dr. Aldahhan's opinion was not supported by objective evidence. *Id.*

Although ALJs need not discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)).[1] That is, when assessing a plaintiff's RFC, an ALJ must explain what weight she assigns to each opinion and why. *Id.* Additionally, ALJs are required to provide "appropriate explanations for accepting or rejecting such opinions." SSR 96-5p,[2] 1996 WL 374183, at *5. "Treating sources" are generally entitled to more weight than any other sources. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). A treating source's opinion is entitled to "controlling weight" if it is both "supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other

---

1.     These regulations apply because Mr. Upton's applications were filed prior to March 27, 2017. *See* 82 Fed. Reg. 5844 (Jan. 18, 2017).
2.     Social Security Ruling 96-5p was rescinded for applications filed on or after March 27, 2017. 82 Fed. Reg. 15263 (Mar. 27, 2017). Because Mr. Upton's applications were filed on February 13, 2015, SSR 96-5p applies. (AR 24, 89, 105).

substantial evidence" in the record." 20 C.F.R. §§ 404.1527(c)(2), 416.907(c)(2).

If the treating source's opinion is not entitled to controlling weight, the ALJ must

apply several factors in determining how much weight to assign the opinion. *Id.* Those

factors are:

> (1) the length of the treatment relationship and frequency of examinations;
> (2) the nature and extent of the treatment relationship, including the
> treatment provided and any examination or testing performed; (3) the
> degree to which the treating source's opinion is supported by relevant
> evidence; (4) consistency between the opinion and the record as a whole;
> (5) whether or not the treating source is a specialist in the area in which an
> opinion is rendered; and (6) any other factors brought to the ALJ's
> attention which tend to support or contradict the opinion.

20 C.F.R. §§ 404.1527(c), 416.927(c); *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01

(10th Cir. 2003) (the "§ 404.1527 factors"). An ALJ need not explicitly discuss every

factor. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Rather, the ALJ must

"give good reasons" that are "sufficiently specific to make clear to any subsequent

reviewers the weight the adjudicator gave to the treating source's medical opinion and

the reasons for that weight." SSR 96-2P, 1996 WL 374188, at *5.[3]

If the ALJ fails to provide explicit analysis on whether the opinion deserves

controlling weight, the Tenth Circuit has indicated that if a reviewing court can determine

that an ALJ "implicitly declined to give the opinion controlling weight," there is no ground

for remand. *Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014). However, even if a

treating source's opinion is not given controlling weight, it is "still entitled to deference

and must be weighed using all of the factors provided in 20 C.F.R. [§§] 404.1527 and

---

[3]     Social Security Ruling 96-2p was rescinded for applications filed on or
after March 27, 2017. 82 Fed. Reg. 15263 (Mar. 27, 2017). Because Mr. Upton's
applications were filed on February 13, 2015, SSR 96-2p applies. (AR 24, 89, 105).

416.927." SSR 96-2p, 1996 WL 374188, at *4. Furthermore, the ALJ's stated reasons for the assigned weight must be supported by substantial evidence. *See Doyal*, 331 F.3d at 764. Substantial evidence requires that an ALJ discuss uncontroverted evidence she chose not to rely on, significantly probative evidence she rejected, and the evidence supporting her decision. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

On February 6, 2017, Dr. Aldahhan completed a medical statement on a form belonging to the Texas Health and Human Services Commission. (AR 590-591). In the form, Dr. Aldahhan checked a box indicating Mr. Upton was not permanently disabled but "unable to work" for a period of time lasting greater than six months. (AR 590). In outlining Mr. Upton's current limitations, Dr. Aldahhan opined the following: Mr. Upton was limited to sitting, standing, and walking four hours per day with "frequent" breaks; he was limited to climbing stairs or ladders two hours per day; he should avoid kneeling, squatting, bending, stooping, pushing, and pulling; he could keyboard four hours per day with "frequent" breaks; and he should avoid all lifting and carrying of any weight. (AR 590-591).

The ALJ explained that she gave Dr. Aldahhan's opinion little weight for three reasons. (AR 32). First, the ALJ found Dr. Aldahhan's opinion that Mr. Upton was "unable to work" a finding of disability reserved to the Commissioner. (AR 32). Second, Dr. Aldahhan's opinion was offered in relation "to a different aid program with different requirements and regulations, significantly reducing the value of such [an] opinion in relation to his claim." (AR 32). Finally, the ALJ found Dr. Aldahhan's "limitation to sedentary work was not supported by the objective medical evidence including his normal gait, intact sensation, full strength, and lack of atrophy." (AR 32).

11

At the time of her opinion, Dr. Aldahhan had only seen Mr. Upton on one occasion, February 6, 2017—the same date as the opinion. (AR 1640-1647). The Commissioner argues that because of this short treatment relationship Dr. Aldahhan should not be considered a treating physician, and therefore, her opinion is ineligible for controlling weight. (Doc. 37 at 6). Yet, this rationale was not provided by the ALJ, and indeed, the ALJ provided no discussion about the length of Dr. Aldahhan's treatment relationship with Mr. Upton. (AR 32). Accordingly, the Court rejects this *post-hoc* rationalization and will continue to consider Dr. Aldahhan a treating physician. *See Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) ("[T]his court may not create or adopt *post-hoc* rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself.").

In her opinion analysis, the ALJ failed to indicate whether she was affording Dr. Aldahhan's opinion controlling weight. (AR 32). Yet, this is not a fatal error, as the ALJ's determination to give little weight is understood to imply that she was not giving controlling weight. *See Mays*, 739 F.3d at 575. Next, the ALJ cited an intact gait, sensation and strength, and an absence of atrophy as evidence that did not support Dr. Aldahhan's opinion. (AR 32). This finding of inconsistency between Dr. Aldahhan's opinion and the objective medical evidence aligns with the third § 404.1527 factor—the degree to which the opinion is supported by relevant evidence. 20 C.F.R. § 404.1527(c)(3). Indeed, Mr. Upton does not contest the veracity of this evidence. *See* (Doc. 36 at 22-23). As for the remaining two reasons for rejecting Dr. Aldahhan's opinion, a finding of disability reserved to the Commissioner and an opinion offered in pursuit of another aid program, they fall within the sixth factor—"other factors brought to

the ALJ's attention which tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c)(6). In total, the ALJ addressed two of the six § 404.1527 factors.

While the ALJ did not need to cite every § 404.1527 factor, her opinion analysis must be supported by substantial evidence. *See Doyal*, 331 F.3d at 764. Earlier in her RFC assessment, the ALJ discussed findings from Mr. Upton's 2017 MRI results. (AR 31). However, she did so in a manner that misrepresented the severity of his condition, simply stating the findings showed "degenerative disc disease of the lumbar spine with some facet arthropathy." (AR 30). In actuality, the findings showed "advanced degenerative facet arthropathy" with moderate to severe facet arthropathy at Mr. Upton's L4-L5 and L5-S1 levels and canal narrowing at his L4-L5 level. (AR 588).

Additionally, the ALJ failed to expressly discuss Dr. Aldahhan's physical examination findings. (AR 32). At her February 2017 appointment with Mr. Upton, Dr. Aldahhan documented tenderness and muscle spasms in Mr. Upton's lumbar spine, tenderness in his left shoulder, and range of motion limitations in his lumbar spine. (AR 1645). While these findings were discussed in a different section, they were not imputed to Dr. Aldahhan. (AR 30). Therefore, the ALJ was unable to demonstrate that she considered but rejected this "significantly probative evidence" in her assessment of Dr. Aldahhan's opinion. *See Clifton*, 79 F.3d at 1009 ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). Similarly, the ALJ was unable to demonstrate that she considered this probative evidence in *support* of her analysis. *Id.* Simply put, the ALJ's failure to mention Dr. Aldahhan's findings in support or in contravention of her assigned weight

indicates a failure to consider such probative evidence.

In short, given the deference afforded treating physicians, the Court finds the ALJ's failure to properly discuss relevant probative evidence in relation to Dr. Aldahhan's opinion results in the ALJ's analysis being unsupported by substantial evidence. *See* SSR 96-2p, 1996 WL 374188, at *4; *Doyal*, 331 F.3d at 764. Therefore, the Court finds the ALJ erred in her analysis of Dr. Aldahhan's opinion.

## V.    Conclusion

For the foregoing reasons, the Court finds the ALJ failed to properly assess Dr. Aldahhan's opinion. Because the Court finds this is a harmful error, the Court will not address Mr. Upton's remaining arguments.

**IT IS THEREFORE ORDERED** that Mr. Upton's *Amended Motion to Reverse and/or Remand*, (Doc. 36), is **GRANTED** and this case is **REMANDED** for additional proceedings consistent with this opinion.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE