## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROBERT UPTON,

      Plaintiff,

v.                                                                         No. CV 19-482 CG

ANDREW SAUL, Commissioner
of the Social Security Administration,

      Defendant.

## ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** is before the Court on Plaintiff Robert Upton's *Unopposed Petition for Determination of Attorney's Fees [Pursuant] to 42 USC § 406(B)* (the "Motion"), (Doc. 44), filed February 22, 2021. Mr. Upton's counsel, Benjamin E. Decker, conferred with Defendant Commissioner Andrew Saul, in accordance with D.N.M.LR-Civ. 7.1(a), and "the Administration takes no position on Plaintiff's motion." (Doc. 44 at 8). Mr. Upton's counsel filed a notice on March 5, 2021, stating that Mr. Upton "may wish to file a Response to the [Motion]" and requesting that the Court allow Mr. Upton another fourteen days to file this response. (Doc. 46 at 1). Mr. Upton has not filed a response to his counsel's Motion, and the time for doing so has passed, including the requested extension. D.N.M.LR-Civ. 7.4(a).

In his Motion, Mr. Upton's counsel petitions the Court for an order authorizing attorney fees in the amount of $44,399.50 for legal services rendered before this Court. (Doc. 44 at 1). The Court, having reviewed the Motion and the relevant law, finds the Motion shall be **GRANTED IN PART**.

**I.      Procedural Background**

Mr. Upton instituted an action in this Court on May 24, 2019, seeking judicial review of the Commissioner's denial of his application for disability insurance benefits and supplemental security income. (Doc. 1); (Doc. 19 at 1). On April 23, 2020, the Court granted Mr. Upton's request for relief, and remanded the case to the Commissioner for further proceedings. (Doc. 40). On June 23, 2020, the Court awarded Mr. Upton attorney fees in the amount of $7,500.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 43).

On January 8, 2021, upon remand, the Commissioner determined Mr. Upton was disabled, entered a fully favorable decision, and awarded him past-due benefits in the amount of $201,598.00. (Doc. 44-1 at 1); (Doc. 44-2 at 4). The Commissioner notified Mr. Upton that the Social Security Administration had withheld $50,399.50 from his total benefit payment pending an award of attorney fees pursuant to 42 U.S.C. § 406(b), which constitutes twenty-five percent of total backpay benefits. (Doc. 44-2 at 4).

Mr. Upton's counsel now seeks an award of $44,399.50, approximately twenty-two percent of the total past-due benefits awarded to Mr. Upton. (Doc. 44 at 1); (Doc. 44-2 at 4). His counsel explains that he will refund to Mr. Upton the $7,500.00 in EAJA fees previously awarded by this Court, which he contends would result in an hourly rate of $809.20. (Doc. 44 at 8). As stated above, the Commissioner takes no position on the Motion. *Id.*

**II.     Analysis**

The issue before the Court is whether counsel's requested fee of $44,399.50 is reasonable, as mandated by the controlling statute. When reviewing counsel's request

for attorney fees under § 406(b), the Court must act as an "independent check" to ensure the requested fee is reasonable, even if the Commissioner offers no objection. Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent they provide for fees exceeding twenty-five percent of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, there is no presumption that a twenty-five percent fee is reasonable. *Id.* at 807, n.17. It is counsel's burden to demonstrate the reasonableness of his or her requested fee. *Id.* at 807.

Specifically, when a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A); *see also McGraw v. Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. A

3

court may require the claimant's attorney to submit a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fee cases. *Id.*

Here, counsel obtained a fully favorable decision for Mr. Upton upon remand. (Doc. 44-1 at 1); (Doc. 44-2 at 4). Counsel won Mr. Upton an award of $201,598.00 in back benefits, with continuing monthly benefits of $2,545.00. (Doc. 44-2 at 2, 4). The requested fee for services performed in connection with this case, $44,399.50, represents twenty-two percent of Mr. Upton's backpay benefits, which falls within the twenty-five percent limit imposed by § 406(b).

Counsel spent 45.6 hours representing Mr. Upton before this Court, which the Court notes is within this District's range. (Doc. 44 at 6); *see, e.g.*, *Serna v. Saul,* 1:16-cv-1176 GJF, 2020 WL 835296, at *3 (D.N.M. Feb. 20, 2020) (finding 47.5 hours reasonable). Additionally, the briefing in this case was more complicated than the typical Social Security case. For instance, the parties briefed three alleged errors of law, amended their briefing, and argued a constitutional issue. *See* (Doc. 36); (Doc. 38). Therefore, the Court finds the 45.6 hours spent on this case to be reasonable.

Counsel's requested fee of $44,399.50 for 45.6 hours of work amounts to an hourly rate of $973.67. *See* (Doc. 44 at 6). Counsel's argument otherwise—that his hourly rate is effectively $809.20—is incorrect and mischaracterizes how §406(b) fees are paid. *See Wrenn ex rel. Wrenn*, 525 F.3d at 934 (holding that "EAJA fees are awarded to the prevailing party in addition to and separate from fees awarded for representation before the court under 42 U.S.C. § 406(b)(1)(A)"); *see also Gisbrecht*, 535 U.S. at 796. In other words, the $44,399.50 counsel seeks in § 406(b) fees will not

4

be reduced by the $7,500.00 that this Court previously awarded Mr. Upton in EAJA fees. *See* (Doc. 44 at 8). After all, the purpose of refunding the lesser award is "[t]o prevent double payment of fees for the same work." *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986). Thus, the Court finds that counsel seeks an hourly rate of $973.67.

Turning to the reasonableness of his hourly rate, $973.67 is at the higher end of this District's range. *See, e.g., Gallegos v. Colvin*, 1:12-cv-321 SMV, 2015 WL 13662372 (D.N.M. Apr. 1, 2015) (awarding $617.28 per hour); *Montes v. Barnhart*, 1:01-cv-578 BB/KBM (Docs. 19, 22) (awarding $701.75 per hour). Where attorneys have greater experience, courts may award similar hourly rates. Earlier this year, for instance, this Court determined an hourly rate of $800 was reasonable for an attorney with 30 years of experience in Social Security cases, in addition to 16 years performing psychological and vocation evaluations. *Herrera v. Saul*, 1:19-cv-140 CG, 2021 WL 698658, at *3 (D.N.M. Feb. 23, 2021). Additionally, in a similar case, which Mr. Upton's counsel cites in the Motion, this Court determined an hourly rate of $1,025 was reasonable for an attorney with over thirty years of experience. *Baca v. Saul*, 1:17-cv-449 CG, 2020 WL 871547, at *2 (D.N.M. Feb. 21, 2020).

Mr. Upton's counsel represented Mr. Upton from 2019 through 2021, and won Mr. Upton an award of $201,598.00 in back benefits, with continuing monthly benefits of $2,545.00. (Doc. 44-2 at 2, 4). Based on this extraordinary success, counsel's overall efforts litigating this case, and his thirteen years of experience in Social Security litigation, including his experience training other lawyers in this area of law, the Court finds it reasonable to award him an hourly fee of $700.00 instead of his requested rate of $973.67. (Doc. 44 at 3); *see, e.g., Carrion v. Saul*, 1:19-cv-204 KK, 2021 WL 214669,

at *2 (D.N.M. Jan. 21, 2021) (noting "an hourly rate of $568.38 would be high for a general practitioner in New Mexico with ten years of experience"); *Quezada v. Saul*, 1:17-cv-1163 LF, 2019 WL 7293402, at *3–4 (D.N.M. Dec. 30, 2019) (awarding an hourly rate of $690.52, where an associate attorney performed "the bulk" of representation). This results in an attorney fee award of $31,920.00, which amounts to nearly 16% of the total benefits awarded to Mr. Upton.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Mr. Upton's *Unopposed Petition for Determination of Attorney's Fees [Pursuant] to 42 USC § 406(B)*, (Doc. 44), shall be **GRANTED IN PART**. Mr. Upton's counsel is awarded $31,920.00 for legal services performed before this Court, to be paid from Mr. Upton's past-due benefits previously withheld by the Commissioner. *See* (Doc. 44-2 at 4) (explaining the Commissioner withheld $50,399.50 from Mr. Upton's award of past-due benefits to cover attorney fees). Counsel is further directed to refund the EAJA fee award of $7,500.00 from the instant award to Mr. Upton, notwithstanding any mandatory deductions. *See* 31 U.S.C. § 3716(c)(3)(B) (2006); *Weakley*, 803 F.2d at 580.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE